IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTHUR LEE POWELL,<br>    TDCJ-CID # 438963, | §<br>§<br>§ | |
| v. | § | C.A. NO. C-06-224 |
| | § | |
| NATHANIEL QUARTERMAN,<br>    DIRECTOR, TDCJ-CID. | §<br>§<br>§ | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state inmate in the Texas Department of Criminal Justice, Criminal Institutions Division. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is respondent's motion for summary judgment for failure to state a claim for habeas relief. (D.E. 14). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). At the time of filing this action, petitioner was incarcerated in Beeville, Texas in the McConnell Unit. Therefore, jurisdiction

is proper in this Court.

## II.  BACKGROUND

Petitioner is currently serving a fifty-year sentence for murder.  (D.E. 1, at 2).  He does not complain about his holding conviction, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20050325289, where he was accused and found guilty of threatening an officer.  (D.E. 13-1, at 21).  His punishment was assessed at the loss of thirty days of commissary and recreation privileges, fifteen days of solitary confinement, the loss of thirty days of good time credits, and a change in line class from S4 to L3.  Id.

On July 25, 2005, Major Fernandez reported that petitioner threatened him during the evening meal.  Id. at 5.  At his disciplinary hearing, petitioner pleaded not guilty, but was found guilty of threatening the officer.  Id. at 21.  No witnesses testified at the hearing.  Id.  Petitioner claimed, at the time of the hearing, that the accusation was brought against him as a retaliatory measure for grievances he had submitted against the officer.  Id.

On July 28, 2005, petitioner filed a Step One grievance, appealing the disciplinary action.  (D.E. 13-2, at 19).  He filed a redundant Step One grievance on August 1, 2005.  Id. at 15.  He argues that the grievance was not redundant, and that he filed one grievance to challenge his disciplinary conviction and another to

2

present a "staff complaint." (D.E. 1, at 7). Following the denial of his Step One grievances, he filed two Step Two grievances, which were also denied. Id. at 14, 18. Petitioner claims that his due process rights were violated in the disciplinary proceeding because he was denied an adequate administrative appeal of the disciplinary proceeding and because he was not given the opportunity to present witnesses at the disciplinary hearing. (D.E. 1, at 7).

## III. EXHAUSTION OF STATE REMEDIES

Petitioner is seeking habeas corpus relief pursuant to § 2254, and therefore, was required to exhaust all of his claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). Respondent does not dispute that petitioner has exhausted the state administrative remedies available to him before filing the instant petition.

## IV. DISCUSSION

A.  **Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate where there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court

must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l. Wildlife Fed'n., 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment.

Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438. 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**B.      Petitioner Fails to Establish a Protected Liberty Interest.**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process. It explained that:

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted). The Fifth Circuit has noted that "these

interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). It is clear that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivations which create a liberty interest. Id. at 484.

Here, petitioner is complaining of the loss of thirty days of commissary and recreation privileges, fifteen days of solitary confinement, the loss of thirty days of good time credits, and a change in line class from S4 to L3. (D.E. 13-1, at 21). However, not every state action taken for a punitive reason encroaches upon a liberty interest. Sandin, 515 U.S. at 486. His loss of commissary and recreation privileges is not in line with the atypical, significant deprivations that create a protected liberty interest. Id. at 485-86. The Fifth Circuit has stated that cell restriction as punishment is also a change in confinement that does not entitle a petitioner to habeas relief. Madison, 104 F.3d at 765. Similarly, the Fifth Circuit has determined that a change in his custody status from S4 to L3 does not violate a protected interest because the timing of a prisoner's "release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-

earning status." Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). In his response, petitioner argues that he will be subject to a later release from the reduction in class, and therefore, habeas relief should be granted. (D.E. 19, at 4). However, the Fifth Circuit has declined to afford prisoners a right to a time-earning status. Malchi, 211 F.3d at 959. Thus, it is respectfully recommended that petitioner's claims regarding the loss of commissary and recreation privileges, solitary confinement, and change in time-earning status are not cognizable habeas claims.

Petitioner's claim based on the loss of good time credits could possibly entitle him to habeas relief. See id. at 957-58. Good time credit is taken into consideration by officials for parole and mandatory supervision release purposes. In Texas, there are two ways that an inmate becomes eligible for early release: parole or mandatory supervision. Madison, 104 F.3d at 768. Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and paroles division. Id. (citations omitted). Mandatory supervision is the release of an inmate to serve the remainder of his sentence not on parole, but under the supervision of the pardons and paroles division. Id. (citations omitted).

The Fifth Circuit has found that because it is extremely speculative whether

an inmate will be released on parole, "there is no constitutional expectancy of parole in Texas." Id.  Because he has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam).  Thus, to the extent petitioner claims that his loss of good time credit affects his parole eligibility, it is respectfully recommended that he fails to state a constitutional claim upon which habeas relief can be granted.  Petitioner is only entitled to due process in the context of lost good time credit if he has a liberty interest in mandatory supervision.

The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.[1]  Malchi, 211 F.3d at 957-58.  Under mandatory supervision release, because a Texas prisoner does not have a constitutional expectancy of release on a specific day, "a *de minimis* delay of a few days in a prisoner's mandatory

---

[1] The Fifth Circuit stated this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code of Criminal Procedure, which reads "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced."  See Malchi, 211 F.3d at 957 n.4 (citing Tex. Code Crim. Proc. art 42.18(c)).  Article 42.18 § 8(c) was amended September 1, 1996, and subsequent to the amendment the whole body of Article 42.18 was repealed effective September 1, 1997.  In determining what law applies, it is the date of the offense, not sentencing, that controls.  See Ex parte Marby, 137 S.W.3d 58, 60 (Tex. Crim. App. 2004) (savings clause included "reflect[s] clear intention by the Legislature to apply old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996 effective date.").

8

supervision release would not give rise to a constitutionally cognizable claim." Id. at 958. On the other hand, a six-month delay would be more than de minimis and may give rise to a constitutional claim. Id. In dicta, the Fifth Circuit stated that "[a] 30-day delay of a mandatory supervision release might be *de minimis* and therefore not give rise to a due process claim." Richards v. Dretke, 394 F.3d 291, 294 n.5 (5th Cir. 2004).

For the purposes of this pending motion, it is assumed that petitioner meets all of the eligibility requirements for mandatory supervised release pursuant to Article 42.18 § 8(c), and therefore, is entitled to mandatory supervision release. Respondent does not challenge his eligibility for mandatory supervised release, but instead argues that he does not have a cognizable liberty interest in the loss of thirty days of good time credits. (D.E. 14, at 4). Petitioner is currently serving a fifty-year sentence for murder. (D.E. 13-2, at 24-25). His punishment at the disciplinary hearing was a loss of thirty days of good time credits, which amounts to 0.16 percent of his total sentence. (D.E. 13-1, at 21).

The deprivation of thirty days of good time credits from a prisoner serving a fifty-year sentence seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns. The Fifth Circuit has held that somewhere between a few days to six months lies a demarcation of when a prisoner possesses

9

a constitutionally protected liberty interest, in good time credits, and when he does not. Malchi, 211 F.3d at 958. However, the Fifth Circuit has not yet stated exactly where the line between a de minimis delay, and a protected liberty interest should be drawn. The Fifth Circuit has indicated, in dicta, that a thirty day delay, resulting from a loss of good time credits, would be considered de minimis. Richards, 394 F.3d at 294 n.5. Based on this reasoning, it appears that petitioner does not have protected liberty interest in his good time credits, but rather, suffered a de minimis delay in his release that is not constitutionally protected.

It is respectfully recommended that petitioner's loss of thirty days of good time credit was de minimis, and therefore, he has not presented a cognizable claim for habeas relief based on the loss of good time credit.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 14), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice. It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 20th day of November 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).