IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARTHUR LEE POWELL | § |
| | § |
| VS. | §   C.A. NO. C-06-224 |
| | § |
| NATHANIEL QUARTERMAN | § |

**ORDER ON RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT**

In this § 2254 habeas corpus action, petitioner Arthur Lee Powell ("Powell") challenges as unconstitutional a prison disciplinary hearing which resulted in his loss of 30 days good time credits, in addition to other punishments. (D.E. 1). Respondent moves for summary judgment arguing that Powell has failed to exhaust his administrative remedies. (D.E. 52). In the alternative, respondent moves for summary judgment on the merits of Powell's claims arguing that he was afforded all the due process protections to which he was entitled and that some evidence supports the finding of guilty. Id. Powell has not filed a response in opposition.[1] For the reasons stated herein, respondent's motion for summary judgment is granted on the merits, and Powell's petition is dismissed.

**I.    Jurisdiction.**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

---

[1] Powell was afforded an extension of time, until March 6, 2009, to file a response, but he failed to do so. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

**II.     Procedural background.**

Powell is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently serving a fifty-year sentence for murder pursuant to a judgment and sentence entered in the 385 District Court of Ector County, Texas.  (D.E. 1 at 2). Powell  does not challenge his state court conviction in this proceeding.  Id. at 2, 5.

In this action, Powell challenges a prison disciplinary hearing conducted at the McConnell Unit on July 28, 2005.  In that action, Powell was found guilty of threatening a correctional officer and, as punishment, received 30 days loss of good time credits, 30 days loss of commissary and recreation privileges, 15 days solitary confinement, and a reduction in his time earning classification from S-4 to L-3.  (D.E. 1 at 5).  He filed the instant habeas corpus petition on May 30, 2006, alleging that he was denied due process at the hearing because he was not allowed to call witnesses who would have refuted the testimony of the charging officer.  Id. at 7.  He also claimed that he was denied an adequate review of the disciplinary decision.  Id.

On September 6, 2006, respondent filed a motion for summary judgment to deny Powell's claims on the grounds that the punishments he received did not present atypical or significant hardships sufficient to invoke due process protection. (D.E. 14).  Respondent noted that Powell had filed a Step 1 and Step 2 grievance concerning the disciplinary hearing, and did not move to dismiss for failure to exhaust administrative remedies.  Id. at 1-2.

By Memorandum and Recommendation entered November 20, 2006, the magistrate judge recommended that Powell's petition be denied because his claims concerning loss of recreation and commissary privileges, 15 days solitary confinement, and a reduction in his time earning classification failed to state a cognizable habeas corpus claim. (D.E. 20).  In addition, the magistrate

judge recommended that Powell's claims concerning his 30 days loss of good time credit be dismissed because the deprivation of thirty days for a prisoner serving fifty years was a *de minimis* punishment such that the due process protections were not invoked. Id. at 9. Regarding exhaustion, the magistrate judge reported: "Respondent does not dispute that petitioner has exhausted the state administrative remedies available to him before filing the instant petition." Id. at 3.

On February 20, 2007, the recommendation was adopted and final judgment entered in respondent's favor. (D.E. 29, 30).

Powell appealed, and on April 2, 2008, this Court filed a notice of intention to grant Powell's Rule 60(b)(6) motion for relief from judgment based on the Fifth Circuit's holding in Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007), which mandated consideration on the merits of Powell's due process claim concerning the loss of good time credits. (D.E. 43). On October 24, 2008, the Fifth Circuit remanded the case for consideration of Powell's due process claim. (D.E. 45).

On December 17, 2008, respondent again moved for summary judgment on Powell's claims. (D.E. 52). For the first time, respondent argued that Powell's petition should be dismissed for failure to exhaust administrative remedies. Id. at 3-8. In the alternative, respondent argued that Powell received sufficient due process and that there was some evidence to support the disciplinary hearing officer's finding of guilty such that his petition should be denied. Id. at 10-12.

**III. Discussion.**

    **A. Waiver of affirmative defense.**

Respondent moves for summary judgement to dismiss Powell's petition for failure to exhaust administrative remedies. (D.E. 52 at 3-8). However, respondent did not raise this argument in his answer (D.E. 11), or in his first summary judgment motion (D.E. 14).

3

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Rule 8(c) of the Federal Rules of Civil Procedure provides that :"[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including exhaustion of administrative remedies. Fed. R. Civ. P. 8(c). "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise." Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987). The party need not necessarily raise the defense in an answer, but must raise it in a pragmatically sufficient time to allow the plaintiff to respond without prejudice. Lucas v. United States, 807 F.2d 414, 417-18 (5th Cir. 1986). If the defendant fails to raise the affirmative defense in such a timely manner, the affirmative defense is deemed waived. Lucas, 807 F.2d at 417-18.

In this case, respondent did not raise the affirmative defense of exhaustion in his original answer or first motion for summary judgment. (D.E. 9, 14). Indeed, the magistrate judge, in his recommendation on the first summary judgment motion concluded: "[r]espondent does not dispute that petitioner has exhausted the state remedies available to him before filing the instant petition." (D.E. 20 at 3). Respondent did not file an objection to the recommendation, and the Court adopted it. (D.E. 25). The Fifth Circuit remanded the case "to consider the merits of Powell's due process claim regarding the loss of good time credit." (D.E. 45 at 2).

The procedural history of this case demonstrates that respondent waived the affirmative defense of exhaustion. It would create unfair surprise to allow respondent to raise this defense in his second summary judgment motion, having previously indicated to both Powell and the Court that he did not contest exhaustion. Moreover, the Fifth Circuit remanded the case for consideration of the due process issue in the context of Powell's good conduct time, not exhaustion. (D.E. 45). Thus, to the extent respondent moves for summary judgment to dismiss Powell's claims for failure

to exhaust, the motion is denied.

### B. Due process and prison disciplinary proceedings.

Federal habeas relief cannot be granted unless the petitioner alleges that he "has been deprived of some right secured to him by the United States Constitution or the laws of the United States." Hillard v. Board of Pardons & Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985). Powell maintains that he was denied due process at the July 28, 2005 prison disciplinary hearing because he was not allowed to call witnesses in his defense, and he was denied meaningful review in the prison grievance system. He claims that the denial of due process requires that the disciplinary conviction be set aside and his good time credits restored.

The Constitution does not expressly guarantee due process protection for good time credits earned by satisfactory behavior while in prison. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007). However, if a state statutory scheme creates a right to good time credits, then the revocation of earned credits must be accorded due process protections. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff, 418 U.S. at 557). Specifically, a prisoner is entitled to at least the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated. Id. (citing Wolff, 418 U.S. at 557). Therefore, when a state inmate enjoys a constitutional expectancy to an early release from prison based on the accumulation of good time credits, he has a protected liberty interest and is entitled to due process before he may be deprived of such credits. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985). This is true even if the amount of good time credits at issue seem insignificant or *de minimis* in relation to the length of the inmate's sentence. Teague, 482 F.3d at 777-78. That is, there is no insignificant or

*de minimis* loss of good time credits, and an inmate may challenge the revocation of those credits on the grounds he was denied due process. Id..

Procedurally, due process requires that an inmate be provided with (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. Wolff, 418 U.S. at 563-67. Substantively, due process is not violated if "some evidence" supports a prison disciplinary board's revocation of statutory good time credits. Hill, 472 U.S. at 454. In explaining the "some evidence" standard, the Supreme Court held that:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56 (emphasis added).

  **C.** **Analysis of Powell's claims.**

By offense report dated July 25, 2005, Powell was charged with threatening to inflict harm on a correctional officer, Major D. Fernandez. (D.E. 54 at 4). Major Fernandez related that, during the evening meal, Powell was being loud in the chow hall, and he ordered Powell to sit down and eat. Id. In response, Powell allegedly told Major Fernandez to leave him alone and let him eat his food, and thereafter, he would "whip his ass or anyone else's ass you bring up in here." Id.

On that same day, Powell was notified that he had been charged with the offense of threatening an officer. (D.E. 54 at 3). Powell was appointed counsel substitute, Norma Saenz, to represent him at the disciplinary hearing. Id. Powell told Ms. Saenz that he and Major Fernandez

6

had a history of problems between them, and that he had filed several grievances against Major Fernandez in the past. Id.. at 20, 22. He claimed that Major Fernandez had threatened *him* in the chow hall, and he argued that Major Fernandez fabricated the threatening of an officer charge in retaliation for his filing grievances against him in the past. Id.

The disciplinary hearing was held on July 28, 2005.[2] Warden Kennedy presided as the disciplinary hearing officer (DHO). (D.E. 54 at 3). Major Fernandez testified and the offense report was admitted into evidence. Id. Powell, through his counsel substitute, submitted copies of past grievances he had filed against Major Fernandez. Id. at 20. In addition, his counsel substitute offered the statements of five inmates Powell claimed were witnesses to the incident. (D.E. 54 at 15-19. Powell testified at the hearing that he did not threaten Major Fernandez and that the threatening an officer offense was a fabrication. At the conclusion of the hearing, the DHO found Powell guilty of the offense as charged. Id. at 3. The DHO noted in the written disciplinary report that her decision was based on the charging officer's offense report and testimony at the hearing. Id. As punishment, Powell received 30 days loss of good time credit, 30 days loss of commissary and recreation privileges, 15 days in solitary confinement, and a reduction in time earning class from S-4 to L-3. Id.

Powell argues that he was denied due process because he was denied the right to call witnesses in his defense.

Wolff provides that an inmate faced with loss of earned good time credits be provided the opportunity to call witnesses, Wolff, 418 U.S. at 563-67. However, this right is a limited one and is available to the inmate only "when permitting him to do so will not be unduly hazardous to

---

[2]A copy of the disciplinary hearing audiocassette is filed at D.E. 54.

institutional safety or correctional goals." Wolff, 418 U.S. at 566.  In fact, "[p]rison officials have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id.

It was within the discretion of the DHO to not allow witness to testify in person.  Moreover, here, Powell was permitted to submit the written statements of his witnesses.  Unfortunately, Powell's witnesses testified that they were either not present, or that they did not hear any threat made by Major Fernandez or Powell.  (D.E. 54 at 15-19).  As noted by the Supreme Court in Wolff, "[t]he unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution."  Wolff, 418 U.S. at 566.  In order to keep prisons running effectively, discretion must be placed with prison officials to keep the hearing within reasonable limits.  Id. at 566-67.  Here, the DHO exercised his discretion in declining to call five witnesses whose written statements indicated that they had no relevant testimony to offer concerning the incident.  Moreover, Powell does not contend that the testimony of the witnesses would be different from their written statements, and as such, it would be merely repetitive.

Further, the record shows that Powell received all the due process protections to which he was entitled.  He was provided with notice of the charges against him prior to the hearing and counsel substitute was appointed to assist him with his defense.  (D.E. 54 at 3).  He was given the opportunity to make a statement on his own behalf and to testify as to his account of the events, which he did.  Id. at 3.  His counsel substitute introduced the statements of five inmates whom plaintiff identified as having witnessed Major Fernandez threaten him.  Id. at 15-19.  However, not

8

one of those witnesses observed Major Fernandez threaten Powell, nor did they observe Powell threaten Major Fernandez.  Id.

The DHO found Powell guilty as charged, and Powell was provided with a written statement of the evidence relied upon and the reason for the disciplinary action.  (D.E. 54 at 3).  The disciplinary report and hearing record shows that Powell was found guilty of threatening to inflict harm on an officer, and that the DHO relied upon the charging officer's written report and testimony.  Id.  Further, the DHO explained his reasons for the punishment.  Id.

Powell also claims that his due process rights were violated because he was denied meaningful review when he challenged the disciplinary decision in a grievance.

On July 28, 2005, Powell filed a Step 1 grievance complaining that Major Fernandez had threatened him and was retaliating against him for filing grievances. (D.E. 54 at 58).  While that grievance was still pending, on August 1, 2005, he filed a second Step 1 grievance complaining about the disciplinary hearing itself, and arguing that he was denied due process because he was not allowed to call witnesses.  (D.E. 54 at 54-55).  Prison officials denied the August 1, 2005 Step 1 grievance stating that it was redundant of the grievance filed on July 28, 2005.  Id. at 55.

The prison officials' response to the July 28 grievance reveals that officials treated that grievance as an appeal of the disciplinary case.  (See D.E. 54 at 59).  As such, whether the review of the disciplinary decision occurred under the July 28 or the August 1 grievance is of no difference: the disciplinary decision was reviewed and upheld. However, even if prison officials failed to provide meaningful review of the disciplinary decision, this allegation would fail to state a constitutional violation because an inmate is not entitled to have his grievances investigated or a favorable outcome.  See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).   Thus, his

allegation that he was denied meaningful appellate review of his disciplinary decision is without merit.

Finally, to the extent Powell is attempting to challenge the other punishments he received, he fails to state a constitutional violation. See Sandin v. Conner, 515 U.S. 472 (1995) (due process protections do not attach to ordinary prison disciplinary cases, but only those which serve to lengthen the inmate's sentence or exceed its expected parameters). The fact that he lost privileges and was placed in solitary confinement for 15 days does not implicate due process. Madison, 104 F.3d at 768, (30-day commissary and cell restriction does not implicate due process clause). Similarly, the reduction in the rate at which he earns good time credits is not actionable. Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000) (prisoner has no constitutionally cognizable right to a particular time earning status).

**IV.    Conclusion.**

The summary judgment evidence establishes that Powell received all the due process protections to which he was entitled. Accordingly, respondent's motion for summary judgment to deny Powell's claims on the merits (D.E. 52) is granted. Powell's petition for habeas corpus relief is denied.

Signed this 20th day of April, 2009.

_____
Janis Graham Jack
United States District Judge